# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AUDARIUS JONES, ) <br> ) <br> Defendant. ) <br> ) | Case No. 08-20067-001-CM |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's *pro se* Motion for Reduction of Sentence and Appointment of Counsel Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 28.) Defendant seeks to reduce his sentence based on Amendment 750 to the United States Sentencing Guidelines, which went into effect November 1, 2011. Defendant argues Amendment 750 applies retroactively to reduce his term of imprisonment. For the following reasons, the court denies defendant's motion.

**I.  Factual and Procedural Background**

On October 1, 2008, defendant pleaded guilty to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. (Doc. 25.) At the sentencing hearing, the court adopted the Presentence Investigation Report ("PSIR"), which concluded defendant's total offense level was 31, and his criminal history category was IV.[1] This resulted in an advisory guideline imprisonment range of 151 to 188 months. (PSIR ¶ 91.) However, because the statutory mandatory minimum sentence controlled, the guideline range was 240 months based on the defendant's offense and his prior felony drug conviction. (*Id.*)

---
[1] (PSIR ¶ 91.) The court held defendant accountable for 351.12 grams of crack cocaine.

On January 5, 2009, the court imposed the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii) and sentenced defendant to a term of imprisonment of 240 months. (Doc. 26.) On October 31, 2011, defendant filed the current motion seeking a reduction in his sentence. (Doc. 28.) Specifically, defendant relies on Amendment 750, which amended the sentencing guideline's offense levels for certain crack cocaine offenses. *See* U.S.S.G. § 1B1.10.

**II.     Legal Standards and Analysis**

**A.  Sentencing Guideline Range**

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment where the defendant was sentenced based on the applicable sentencing guidelines and those guidelines are subsequently lowered by the Sentencing Commission. Additionally, any reduction shall be "consistent with the applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(2). Defendant argues that Amendment 750 retroactively applies to his sentence, and thus, the court should reduce his sentence pursuant to the amended sentencing guidelines.

The Sentencing Commission passed Amendment 750, which went into effect on November 1, 2011. Pursuant to § 1B1.10 of the sentencing guidelines, Amendment 750 adjusted the sentencing guidelines by amending the cocaine base amounts in the drug quantity table in § 2D1.1(c). Specifically, the table provides a base offense level depending on the drug quantity attributed to the defendant. U.S.S.G. § 2D1.1(c). Amendment 750 reflects an adjustment similar to the amended crack cocaine ratio that triggers a statutory mandatory minimum sentence under the Fair Sentencing Act of 2010 ("FSA").

Unlike the FSA, the Sentencing Commission provided for Amendment 750 to apply retroactively. *See* U.S.S.G. § 1B1.10. The policy statements, however, provide that a retroactive sentence reduction is not consistent with this policy statement if "an amendment listed in subsection

(c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Therefore, the court must determine whether Amendment 750 actually has the effect of lowering defendant's applicable guideline range.

Pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), the court sentenced defendant based on the statutory mandatory minimum sentence, not the sentencing guidelines. The application notes to the sentencing guidelines discuss the effect of a statutory mandatory minimum sentence on an amendment to the sentencing guidelines. Specifically, application note one states:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision *(e.g., a statutory mandatory minimum term of imprisonment)*.

U.S.S.G. § 1B1.10 cmt. n.1 (2011) (emphasis added). This is analogous to the defendant's situation. While Amendment 750 may retroactively apply to the defendant's advisory guideline range, the statutory mandatory minimum sentence controls. The statutory mandatory minimum sentence had the same effect on the advisory guideline range during defendant's initial sentencing. For example, the PSIR established that defendant had a total offense level of 31 and a criminal history category of IV, which ordinarily would have resulted in an advisory guideline range of 151 to 188 months. However, the statutory mandatory minimum sentence controlled and the court found the guideline range was 240 months. Thus, regardless of Amendment 750's effect on defendant's advisory guideline range, the statutory mandatory minimum sentence controls. As a result, defendant is not entitled to a reduction in his sentence.

### B. Appointment of Counsel

Defendant additionally asks the court to appoint counsel to file a motion on behalf of defendant. For the purposes of a motion under 18 U.S.C. § 3582, there is no constitutional right to

appointed counsel. *United States v. Olden*, 296 Fed. App'x 671, 674 (10th Cir. 2008). Rather, it is in the court's discretion whether to appoint counsel. *Id.* Accordingly, because the court finds defendant is not entitled to a reduction in his sentence, the court finds he is not entitled to appointed counsel. *See id.*

**IT IS THEREFORE ORDERED** that defendant's motion for a reduction of sentence and appointment of counsel pursuant to 18 U.S.C. § 3582 is denied.

Dated this 1st day of May, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**